| | |
|---|---|
| The Employment Law Firm<br>Cynthia L. Pollick<br>I.D. No.: 83826<br>363 Laurel Street<br>Pittston, PA 18640<br>(570) 654-9675 | Attorney for Plaintiff |

_____

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HEATHER DELHAGEN, | : | CIVIL ACTION – LAW |
| | : | |
| Plaintiff | : | JURY TRIAL DEMANDED |
| | : | |
| v. | : | |
| | : | |
| KEN MCDOWELL, in his Official<br>and Individual Capacity, | : | |
| | : | |
| Defendants | : | NO. 08-285 |

## **AMENDED COMPLAINT**

NOW comes the Plaintiff, HEATHER DELHAGEN, by her attorney, Cynthia L. Pollick, Esquire, and files the following Complaint against Defendants and avers as follows:

## PARTIES

1.     Plaintiff, HEATHER DELHAGEN, presently resides in Lackawanna County. Plaintiff, HEATHER DELHAGEN, was terminated by the newly elected County Controller, Defendant, KEN MCDOWELL, just one (1) hour after he was sworn into office. DELHAGEN was employed as a Audit Supervisor.

2. Plaintiff DELHAGEN seeks redress for First Amendment politically motivated discharge, pre-termination due process violation, and failure to train pursuant to 42 U.S.C. § 1983.

3. Defendant, KEN MCDOWELL, is the newly elected Lackawanna County Controller, and was acting under color of state law when he deprived DELHAGEN of her job with Lackawanna County. MCDOWELL operates out of Scranton Electric Building, 1st Floor, 507 Linden Avenue, Scranton, Pennsylvania. Redress is being sought against MCDOWELL in his official and individual capacity.

## JURSIDICTION

4. This suit is brought and jurisdiction lies pursuant to the 42 U.S.C. § 1983 for constitutional violations of Plaintiff DELHAGEN'S rights pursuant to the First and Fourteenth Amendments.

## COUNT I
## FIRST AMENDMENT
## POLITICALLY-MOTIVATED DISCHARGE
## PLAINTIFF V. DEFENDANTS

5. Plaintiff, HEATHER DELHAGEN, hereby incorporates by reference paragraphs one (1) through five (5) above as if set forth herein at length.

6. Plaintiff, DELHAGEN's, position is not a policy-making position for which political discharge is permissible.

7. Plaintiff, DELHAGEN, was protected from firing pursuant to Local 668's Collective Bargaining Agreement. Through that agreement, DELHAGEN had a property interest in her position as Audit Supervisor since her employment could only be terminated for "just cause".

8. DELHAGEN has always had positive appraisals of her performance while working in the Controller's Officer for Lackawanna County.

9. In fact, MCDOWELL's lawyer stated in DELHAGEN's termination letter that "I want to restate that your separation is <u>not for cause</u> but rather because the new administration desires to have the supervisory and management positions held by individuals with which the Controller is familiar and who share his management philosophy."

10. MCDOWELL could not "clean house" and "make room" for his political supporters once he was sworn into office.

11. DELHAGEN was replaced by a political supporter of MCDOWELL's.

12. Defendants cannot show that political affiliation with MCDOWELL was necessary to perform the functions of the Controller's Audit Supervisor position.

**WHEREFORE**, Plaintiff seeks all remedies available pursuant to U.S.C. § 1983, including but not limited to reinstatement, back pay, front pay, all equitable remedies allowable at law, nominal damages, injunction against future acts, punitive damages[1], attorney fees and costs, pre- and post- interest, delay damages, reformation of Plaintiff's employment records, and emotional distress.

### COUNT II
### FAILURE TO PROVIDE PRE-TERMINATION
### DUE PROCESS
### PLAINTIFF V. DEFENDANTS

13.   Plaintiff, DELHAGEN, hereby incorporates by reference paragraphs one (1) through twelve (12) above as if set forth herein at length.

14.   Plaintiff DELHAGEN could only be terminated for "just cause".

15.   Defendants never provided DELHAGEN with notice or explanation of the evidence against her before she was fired in violation of the Collective Bargaining Agreement.

---

[1] Plaintiff only seeks punitive damages in McDowell's individual capacity, and concedes that punitive damages are

**WHEREFORE**, Plaintiff seeks all remedies available pursuant to U.S.C. § 1983, including but not limited to reinstatement, back pay, front pay, all equitable remedies allowable at law, nominal damages, injunction against future acts, punitive damages[2], attorney fees and costs, pre- and post- interest, delay damages, reformation of Plaintiff's employment records, and emotional distress.

### COUNT III
### VIOLATION OF DELHAGEN'S
### CONSTITUTIONAL RIGHTS
### FAILURE TO TRAIN
### PLAINTIFF V. DEFENDANT MCDOWELL
### IN HIS OFFICIAL CAPACITY

16. Plaintiff, DELHAGEN, hereby incorporates by reference paragraphs one (1) through fifteen (15) above as if set forth herein at length.

17. Defendant MCDOWELL, in his official capacity (hereinafter referred to as "MCDOWELL OFFICIAL"), failed to train its employees and agents that you could not fire an employee who did not hold a policy-making position, not provide notice, explanation of evidence against employee and opportunity to refute allegations, or terminate an employee covered by a Collective Bargaining Agreement without "just cause".

18. Defendant MCDOWELL OFFICIAL was deliberately indifferent to DELHAGEN's rights and intentionally failed to train its employees adequately as

---

not recoverable against McDowell in his official capacity.
[2] Plaintiff only seeks punitive damages in McDowell's individual capacity, and concedes that punitive damages are not recoverable against McDowell in his official capacity.

referenced above as well as failed to have policies in place prohibiting the conduct in question.

19. Defendant MCDOWELL OFFICIAL's failure to train caused DELHAGEN to be harmed as stated above.

**WHEREFORE**, Plaintiff seeks all remedies available pursuant to U.S.C. § 1983, including but not limited to reinstatement, back pay, front pay, all equitable remedies allowable at law, nominal damages, injunction against future acts, attorney fees and costs, pre- and post- interest, delay damages, reformation of Plaintiff's employment records, and emotional distress.

A Jury Trial is demanded on all counts.

                    By: /s/ Cynthia L. Pollick
                    Cynthia L. Pollick, Esquire
                    Pa. I.D. No.: 83826
                    363 Laurel Street
                    Pittston, PA 18640
                    (570) 654-9675
                    pollick@lawyer.com