IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HEATHER DELHAGEN, | : | |
| | : | Civil Action No. 3:08-CV-00285 |
| Plaintiff, | : | |
| | : | |
| v. | : | (Judge McClure) |
| | : | |
| KEN MCDOWELL, in his Official | : | |
| and Individual Capacity, | : | |
| Defendant. | : | |

**MEMORANDUM**

June 23, 2010

**BACKGROUND:**

Plaintiff Heather Delhagen is the former audit supervisor for the Lackawanna County Controller's Office. Delhagen was fired from this position on January 7, 2008 by Defendant Ken McDowell, the same day that McDowell was sworn into office as the Lackawanna County Controller. Delhagen filed this civil rights action alleging that McDowell's actions violated her rights protected by the First and Fourteenth Amendments to the United States Constitution.

On April 10, 2010, National Casualty Company, defendant's insurer, sent a letter to plaintiff's counsel advising her that defendant's insurance policy has a one-million dollar limit, and that the one-million dollars may be exhausted by the

1

other, "multiple plaintiffs with other claims and/or suits that also fall within the policy period of the National Casualty Policy."

On April 23, 2010 Delhagen filed a "Motion to Compel Defendants' Insurance Company to Deposit Proceeds of Policy with Court." (Rec. Doc. No. 30. On May 4, 2010, plaintiff filed her supporting brief. (Rec. Doc. No. 31). On May 18, 2010, this court granted National Casualty Company's motion to intervene. On May 17, 2010, National Casualty Company filed its brief in opposition to plaintiff's motion. (Rec. Doc. No. 34). On June 1, 2010, plaintiff filed her reply brief.

**DISCUSSION:**

As an initial matter, plaintiff's briefs are shockingly deficient in reliance on authority, to wit: there is none. Plaintiff's brief in support of her motion is less than two pages, and does not cite to any statute, rule or case law to support her position. National Casualty Company, in its opposing brief, argued that under Pennsylvania law, it is not required to pay the one-million dollars into court. In response, plaintiff submitted a three-page brief, arguing that federal law, not Pennsylvania law should apply; again, without citing to even a single statute, rule or case.

The insurance company may file an action for interpleader pursuant to 28

U.S.C. §§ 1335, 1397, 2361 and Fed. R. Civ. P. 22.  However, in this instance, it is not the insurance company seeking to pay the proceeds of the policy into court, but the plaintiff.  This court researched all district and circuit courts, and found no support for this "reverse interpleader" that plaintiff suggests.  We are not aware of any authority to support plaintiff's position, and apparently, neither is plaintiff as she did not cite to any.

The decision to seek interpleader is at the discretion of the insurance company.  See <u>Equitable Life Assurance Society of the United States v. McClelland</u>, 85 F. Supp. 688 (W.D. MI August 18, 1949) (Starr, J).  National Casualty Company is under no obligation to pay these monies into court, and this court is of the opinion that we have no authority or jurisdiction to order the insurance company to do so.

**CONCLUSION:**

We will deny plaintiff's motion and dismiss National Casualty Company.

    s/ James F. McClure, Jr.
James F. McClure, Jr.
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

HEATHER DELHAGEN, :
: Civil Action No. 3:08-CV-00285
Plaintiff, :
:
v. : (Judge McClure)
:
KEN MCDOWELL, in his Official :
and Individual Capacity, :
Defendant. :

**O R D E R**

June 23, 2010

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. National Casualty Company's request for oral argument on the motion (Rec. Doc. No. 39) is DENIED.

2. Plaintiff Heather Delhagen's "Motion to Compel Insurance Company to Deposit Proceeds of Policy with the Court" is DENIED. (Rec. Doc. No. 30).

3. National Casualty Company is Dismissed from this action.

  s/ James F. McClure, Jr.
James F. McClure, Jr.
United States District Judge