# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HEATHER DELHAGEN, | : | CIVIL ACTION – LAW |
| | : | |
| Plaintiff, | : | JURY TRIAL DEMANDED |
| | : | |
| v. | : | |
| | : | |
| KEN MCDOWELL, in his Official and Individual Capacity, | : : : | |
| | : | |
| Defendants. | : | NO. 08-285 |
| | | Judge McClure |

## PLAINTIFF'S PRETRIAL MEMORANDUM

Counsel will meet on July 20, 2010 to discuss pretrial issues.

A.    Federal Jurisdiction

This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343.

B.    Summary Statement of Facts and Contentions as to Liability

On January 7, 2008, after being officially sworn in as Controller and within an hour, Defendant McDowell fired Delhagen, who was a single mother of three (3) children. Delhagen's termination letter stated that she was not fired for cause but because she did not share the same philosophy as McDowell. McDowell made a threatening statement while Plaintiff was simply auditing his office within six months of the firing that "when I'm Controller".

C.    Undisputed Facts

Plaintiff was fired for no cause.

D.   Plaintiff's Damages

Plaintiffs suffered lost wages, lost pension funds, public humiliation, stress, and emotional distress.  Plaintiff seeks those damages along with reinstatement, negative tax relief, punitive damages, attorney fees, costs, and pre- and post judgment interest.

E.   Names and addresses[1] of witnesses:

Plaintiff's witnesses may include: Plaintiff, Amber Delhagen, Kyle Delhagen, Mike Shumek, Joan Gerrity, Ed Karpovich, Jack Malos, Bob Mellow, John Kolcharno, Tom Arduino, Gene Talerico, Tom Durkin, Mary F. Rinaldi, Defendant McDowell, Terri Rose, Alex Hazzouri, David Rinaldi, Esquire, Borys Krawczeniuk, Stacy Brown, Debbie Langman, Gary Kull, Esquire, and County Commissioners. Plaintiff reserves the right to amend the above list, including the right to call witnesses identified by the Defendants and on rebuttal.

F.   Summary of Testimony of Each Expert Witness

N/A

G.   Special comment about pleadings and discovery

None.

H.   Summary of Legal Issues and Authorities

Politically Motivated Discharge

As stated by the Third Circuit in *Boyle*, the Supreme Court in *Elrod* "… generally ended the practice of 'cleaning house' whereby the prevailing political party would fire many employees who were members of the losing party, and give vacant positions to loyal supporters as the spoils of victory". *Boyle v. County of Allegheny*, 139 F.3d 386, (3d Cir. 1998). The current test is whether the defendant can show that effective performance of the position in

---

[1] Addresses that are known have been disclosed during discovery.

question requires party affiliation. *Zold v. Mantua*, 935 F.2d 633, 635 (3d Cir. 1991).

The Third Circuit has noted that "[t]he question of whether an employee falls within the Elrod/Branti exception is generally one of fact." *Boyle*, 139 F.3d at 397. The defendant must show that " … a difference in party affiliation be highly likely to cause an official to be ineffective in carrying out the duties and responsibilities of the office, dismissals for that reason would not offend the First Amendment." *Zold,* 935 F.2d at 635.

Here, Plaintiff was fired after newly elected Controller McDowell within less than an hour after he was sworn in.  Delhagen's termination letter states that she does not have the same philosophies as McDowell.  McDowell also made a threat to Delhagen that when he becomes Controller.  Therefore, the jury will easily be able to find that McDowell fired Delhagen because she did not support him.

    I.    <u>Stipulations Desired</u>

    None at this time.

    J.    <u>Estimated Number of Trial Days</u>

    Plaintiffs estimates that the trial will last three (3) days for her case in chief.

    K.    <u>Other Matters Pertinent to the Case</u>

1. As your Honor has been gracious to offer to hold the trial in Scranton, Plaintiff accepts the offer since she is a single mother caring for three (3) children.
2. Plaintiff requests an ELMO and easel for trial.
3. Numbering and positioning of jurors before we have to begin jury selection.
4. Plaintiff requests that the witnesses be sequestered.
5. Plaintiff requests that counsel be permitted to interview jurors after the verdict.

3

L.  <u>Exhibits</u>

    Attached.

M.  <u>Special Verdict Questions which Counsel Desires to Submit</u>

    To be filed.

N.  <u>Defense Counsel's Statement Concerning Notification of Person with Settlement Authority</u>

    Not applicable.

O.  <u>Certificate Pursuant to Rule 30.10 Concerning Review of Depositions</u>

    Plaintiff will discuss with opposing counsel what objections he has to the 30(b)6 deposition transcript being admitted as an admission. If any additional deposition is designated for introduction at trial, plaintiff's counsel certifies that she will comply with Rule 30.10.

P.  <u>Requests for Findings of Fact and Conclusions of Law</u>

    Not applicable because this case will be tried to a jury.

    Respectfully Submitted,

    By:   <u>/s Cynthia L. Pollick</u>
           Cynthia L. Pollick, Esquire
           Attorney for Plaintiff
           Pa. ID. No.: 83826
           363 Laurel Street
           Pittston, PA 18640
           (570) 654-9675

## **CERTIFICATE OF SERVICE**

Cynthia L Pollick, Esquire, hereby certifies that on July 19, 2010, she served a copy of Plaintiff's Pretrial Memorandum on Defendants by serving a copy thereof via Electronically on their attorney:

Mr. Joel Wolff, Esquire
Elliott Greenleaf Dean
201 Penn Avenue, Suite 202
Scranton, PA 18503

<pre>                                        s/ Cynthia L. Pollick
                                        Cynthia L. Pollick, Esquire</pre>