IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HEATHER DELHAGEN, | : | CIVIL ACTION – LAW |
| | : | |
| Plaintiff, | : | |
| | : | HONORABLE THOMAS I. |
| v. | : | VANASKIE |
| | : | |
| KEN McDOWELL, | : | |
| | : | |
| Defendant. | : | NO. 08-cv-285 |

## BRIEF IN SUPPORT OF DEFENDANT'S MOTION FOR LEAVE TO AMEND HIS ANSWER AND AFFIRMATIVE DEFENSES

Defendant Ken McDowell ("Mr. McDowell"), by and through his undersigned counsel, hereby submit the following brief in support of his motion for leave of Court to amend his answer and affirmative defenses.

## I.   PROCEDURAL HISTORY

On February 14, 2008, Plaintiff Heather Delhagen ("Delhagen") filed a complaint against Mr. McDowell alleging politically motivated discharge, lack of pre-termination due process, and failure to train.  See (Doc. 1).  On April 9, 2008, Mr. McDowell filed his answer to Plaintiff's complaint. See (Doc. 10).

## II.  STATEMENT OF FACTS

In June of 2005, Delhagen began working as an audit supervisor for then Lackawanna County Controller John Mellow ("Mr. Mellow").  While Plaintiff's duties as an audit supervisor initially were relatively simple, Plaintiff's duties and responsibilities evolved to the point where she was personally auditing agencies of Lackawanna County on behalf of Mr. Mellow.

Mr. McDowell defeated Mr. Mellow in the 2007 election, and, on January 7, 2008, took office.  Upon taking office, Mr. McDowell dismissed Delhagen, among others.  Pursuant to the collective bargaining agreement to which she was a party, Delhagen filed a grievance relative to her dismissal.  Delhagen's grievance remains active and is currently being processed.

Delhagen claims that she was improperly dismissed to allow Defendant to clean house and make room for his political supporters.  However, the evidence will show that Mr. McDowell dismissed Delhagen, not because of

her political support, but because he sought personnel who shared his management philosophy. Moreover, Delhagen will fail to show that Mr. McDowell had knowledge of her political support, or that this knowledge had any relation to her discharge.

## III. <u>ARGUMENT</u>

Federal Rule of Civil Procedure 15(a) allows a defendant to amend its answer after it has already been filed:

> A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served. Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires. A party shall plead in response to an amended pleading within the time remaining for response to the original pleading or within 10 days after service of the amended pleading whichever period may be the longer, unless the court otherwise orders.

Fed. R. Civ. P. 15(a).

To explore the contours of this rule and detail
when a defendant may amend his answer, the United
States Supreme Court explained that:

> Rule 15(a) declares that leave to amend "shall
> be freely given when justice so requires"; this
> mandate is to be heeded . . . . If the
> underlying facts or circumstances relied upon
> by a plaintiff may be a proper subject of
> relief, he ought to be afforded an opportunity
> to test his claim on the merits. In the absence
> of any apparent or declared reason--such as
> undue delay, bad faith or dilatory motive on
> the part of the movant, repeated failure to
> cure deficiencies by amendments previously
> allowed, undue prejudice to the opposing party
> by virtue of allowance of the amendment,
> futility of amendment, etc.--that leave sought
> should, as the rules require, be "freely
> given." Of course, the grant or denial of an
> opportunity to amend is within the discretion
> of the District Court, but outright refusal to
> grant the leave without any justifying reason
> appearing for the denial is not an exercise of
> discretion; it is merely abuse of that
> discretion and inconsistent with the spirit of
> the Federal Rules.

Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L.
Ed. 2d 222 (1962). The United States Court of Appeals
for the Third Circuit has interpreted these factors to
mean that "in the absence of substantial or undue
prejudice, denial [] must be based on bad faith or

dilatory motives, truly undue or unexplained delay, repeated failures to cure the deficiency by amendments previously allowed, or futility of amendment." Lorenz v. CSX Corp., 1 F.3d 1406, 1413-14 (3d Cir. 1993). "The passage of time, without more, does not require that a motion to amend [] be denied; however, at some point, the delay will become 'undue', placing an unwarranted burden on the court, or will become 'prejudicial', placing an unfair burden on the opposing party." Adams v. Gould Inc., 739 F.2d 858, 868 (3d Cir. 1984), cert. denied, 469 U.S. 1122, 105 S. Ct. 806, 83 L. Ed. 2d 799 (1985). In this regard, the concept of undue delay is inextricably woven with the concept of prejudice. See Boileau v. Bethlehem Steel Corp., 730 F.2d 929, 939 (3d Cir. 1984).

A required showing of prejudice is consistent with this Circuit's position that "'prejudice to the non-moving party is the touchstone for the denial of an amendment.'" Lorenz, 1 F.3d at 1413 (quoting Cornell & Co. v. Occupational Safety & Health Review Comm'n, 573

F.2d 820, 823 (3d Cir. 1978)).   In this context,
prejudice involves a "showing that [the non-moving
party] was unfairly disadvantaged or deprived of the
opportunity to present facts or evidence which it would
have offered had the … amendments been timely." Heyl &
Patterson Intern. v. F.D. Rich Housing, 663 F.2d 419,
426 (3d Cir. 1981).   Prejudice does not result merely
from a party's having to incur additional counsel fees;
nor does it result from a delay in the movement of the
case. Adams, 739 F.2d at 869.   Prejudice under Rule 15
"means undue difficulty in prosecuting [or defending] a
lawsuit as a result of a change in tactics or theories
on the part of the other party." Deakyne v.
Commissioners of Lewes, 416 F.2d 290, 300 (3d Cir.
1990).

In the case at hand, Mr. McDowell believed at the
time of filing his answer, and continues to believe
that the elements of Plaintiff's First Amendment claim
are as follows:

> First, plaintiff must show that he engaged in a
> protected activity. Second, plaintiff must show

> that the protected activity was a substantial factor motivating the dismissal decision. **Finally, defendant may defeat plaintiff's claim by demonstrating that the same action would have taken place even in the absence of the protected conduct.**

San Filippo v. Bongiovanni, 30 F.3d 424, 430 (3d Cir. 1994)(emphasis added). However, in a separate action involving similar claims, Plaintiff's counsel has asserted that this third element, that the same action would have been taken, is an affirmative defense, rather than an element. Therefore, in an abundance of caution and to avoid any future confusion, Mr. McDowell wishes to amend his answer for the sole purpose of adding the "same action" defense. Plaintiff will not be prejudiced by this amendment, nor is it brought in bad faith. Accordingly, justice requires that Mr. McDowell's motion for leave of Court be granted.

## IV.  <u>CONCLUSION</u>

For any or all of the foregoing reasons Defendant Ken McDowell respectfully requests that this Court grant his motion for leave of Court to amend his answer and affirmative defenses.

Respectfully submitted,

s/Joel M. Wolff
John G. Dean
Joel M. Wolff
Paula L. Radick
Joseph J. Joyce, III
**ELLIOTT GREENLEAF & DEAN**
201 Penn Avenue, Suite 202
Scranton, PA  18503
(570) 346-7569

Attorneys for Defendant
Ken McDowell

DATED: July 26, 2010

## <u>CERTIFICATE OF SERVICE</u>

I, JOEL M. WOLFF, hereby certify that I have caused to be served this day a true and correct copy of Defendant's brief in support of his motion for leave to amend Defendant's answer and affirmative defenses to Plaintiff's complaint electronically and <u>via</u> United States First Class Mail addressed as follows:

> Cynthia L. Pollick, Esq.
> 363 Laurel Street
> Pittston, PA  18640
>
> Counsel for Plaintiff


> s/Joel M. Wolff
> Joel M. Wolff

DATED:  July 26, 2010