IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HEATHER DELHAGEN, | : | |
| | : | Civil Action No. 3:08-CV-00285 |
| Plaintiff, | : | |
| | : | |
| v. | : | (Judge McClure) |
| | : | |
| KEN MCDOWELL, in his Official and Individual Capacity, | : | |
| | : | |
| Defendant. | : | |

**MEMORANDUM**

August 10, 2010

**BACKGROUND:**

Plaintiff Heather Delhagen is the former audit supervisor for the Lackawanna County Controller's Office. Delhagen was fired from this position on January 7, 2008 by Defendant Ken McDowell, the same day that McDowell was sworn into office as the Lackawanna County Controller. Delhagen filed this civil rights action alleging that McDowell's actions violated her rights protected by the First and Fourteenth Amendments to the United States Constitution.

Jury selection is set for September 27, 2010. On July 9, 2010, plaintiff filed four motions in limine: "Motion in Limine Precluding Mention of Allegation That

Plaintiff Overstepped Her Bounds Since it Constitutes Hearsay," "Motion in Limine Precluding Mention of Counsel's Representation of Other Victims of Constitutional Violations When They Testify," "Motion in Limine Precluding Defendants from Suggesting that Plaintiff Should Not Have Initiated This Action But Rather Used Post-Termination Process," "Motion in Limine Precluding Defendants from Calling Delhagen's Ex-husband Since He Has No Relevant Information and is Only Being Called to Harass Plaintiff."  (Rec. Doc. Nos. 42, 44, 46, 48).  The motions have been fully briefed by both parties, and thus are ripe for disposition.

Now, therefore, for the following reasons we will grant two of plaintiff's motions and deny two.

**DISCUSSION:**

A. Motion in Limine Precluding Mention of Allegation That Plaintiff Overstepped Her Bounds Since it Constitutes Hearsay

Plaintiff anticipates that defendant will claim, as he did during his deposition, that Evie McNulty told McDowell that Delhagen had "overstepped her authorities and duties and . . . by dictating to the recorder of deeds what needed to be done and what policies should be implemented in her office."  Defendant states in his opposing brief that he intends to have the declarant, Evie McNulty, testify at

trial. If the declarant testifies, the statement clearly will not be hearsay. We will deny the motion on this ground. However, the court reserves the right to reexamine the issue in the event Ms. McNulty is not produced to testify.

B. Motion in Limine Precluding Mention of Counsel's Representation of Other Victims of Constitutional Violations When They Testify

Plaintiff moves to preclude defendant from mentioning the fact that plaintiff's counsel represents other victims of alleged constitutional violations by McDowell. We will grant plaintiff's motion. The court finds no reason to hold that the credibility of a witness's testimony would be impacted by the fact that the witness is represented by the same counsel against the same defendant. Actually, one would expect that testimony that other persons have similar claims against this defendant would prejudice defendant, not plaintiff. As a result, we will grant plaintiff's motion.

C. Motion in Limine Precluding Defendants from Suggesting that Plaintiff Should Not Have Initiated This Action But Rather Used Post-Termination Process

Plaintiff moves to preclude defendant from arguing that plaintiff should not have filed a lawsuit, but should have only filed a grievance. Defendant counters that the federal litigation was improperly initiated and that the union's grievance procedure satisfies due process. Defendants' argument is an issue of law, not fact. Defendant has already, unsuccessfully, made this argument in his motion for

summary judgment. This court held that regardless of whether Delhagen could have challenged her termination through her union's grievance process did not remove the need for pre-deprivation process. (Rec. Doc. No. 29 at 26). Because any suggestion by defendant that plaintiff should have used post-termination grievance procedures as opposed to filing a lawsuit would only lead to confusion of the issue of alleged deprivation of pre-termination process, we will grant plaintiff's motion.

D. Motion in Limine Precluding Defendants from Calling Delhagen's Ex-husband Since He Has No Relevant Information and is Only Being Called to Harass Plaintiff

     Plaintiff's final motion in limine is to preclude McDowell from calling her ex-husband as a witness at trial. Defendant had subpoenaed Delhagen's ex-husband for a deposition, but he did not appear for his deposition. Plaintiff states that she was not married to him at the time of the events in the complaint. Defendant agues that the request is premature. The court agrees. As neither party has proffered what testimony the ex-husband is expected to provide, the court has no way to evaluate whether or not his testimony should be allowed. The court will deny the motion as premature, reserving the right to reexamine the issue when appropriate.

                                      <u>s/ James F. McClure, Jr.</u>
                                      James F. McClure, Jr.
                                      United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HEATHER DELHAGEN, | : |
| | :    Civil Action No. 3:08-CV-00285 |
|     Plaintiff, | : |
| | : |
|   v. | :    (Judge McClure) |
| | : |
| KEN MCDOWELL, in his Official | : |
| and Individual Capacity, | : |
|     Defendant. | : |

**O R D E R**

August 10, 2010

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. Plaintiff's "Motion in Limine Precluding Mention of Allegation That Plaintiff Overstepped Her Bounds Since it Constitutes Hearsay" is DENIED.  (Rec. Doc. No. 42).

2. Plaintiff's "Motion in Limine Precluding Mention of Counsel's Representation of Other Victims of Constitutional Violations When They Testify" is GRANTED.  (Rec. Doc. No. 44).

3. Plaintiff's "Motion in Limine Precluding Defendants from Suggesting that Plaintiff Should Not Have Initiated This Action But Rather Used Post-Termination Process" is GRANTED.  (Rec. Doc. No. 46).

4.   Plaintiff's "Motion in Limine Precluding Defendants from Calling Delhagen's Ex-husband Since He Has No Relevant Information and is Only Being Called to Harass Plaintiff" is DENIED.  (Rec. Doc. No. 48).


   s/ James F. McClure, Jr.
James F. McClure, Jr.
United States District Judge