IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HEATHER DELHAGEN, : | |
|     Plaintiff : | |
| : | Civil Action No. 3:08-cv-00285 |
| v. : | |
| : | (Chief Judge Kane) |
| KEN MCDOWELL, in his Official and : | |
| Individual Capacity, : | |
|     Defendant : | |

## MEMORANDUM ORDER

Pending before the Court is Defendant Ken McDowell's motion for leave to amend his answer. (Doc. No. 60.) For the reasons that follow, the Court will grant the motion.

On February 14, 2008, Plaintiff filed a complaint, (Doc. No. 1), and an amended complaint, (Doc. No. 2), alleging that Defendant terminated Plaintiff in violation of her First and Fourteenth Amendment rights. On April 9, 2008, Defendant filed an answer which asserted, inter alia, that "Defendant's actions were taken pursuant to valid procedures." (Doc. No. 10 ¶ 28.) On July 26, 2010, Defendant filed his motion for leave to amend. (Doc. No. 60.) Defendant seeks to add a single affirmative defense that the same employment action would have been taken absent Plaintiff's protected conduct. (Id. ¶ 3; Doc. No. 60-2 ¶ 37.) Defendant contends that his amendment is taken in an abundance of caution to preempt the argument raised by Plaintiff's counsel in another case that a failure to affirmatively plead that the same action would have been taken in the answer constitutes waiver. (Doc. No. 61 at 7.) In opposing Defendant's motion, Plaintiff asserts that Defendant has failed to show good cause for the amendment under Federal Rule of Civil Procedure 16(b) and that the amendment would be unjustified or futile under Rule 15(a). (See Doc. No. 67.)

1

Rule 16(b) governs the amendment of pleadings once a scheduling order has been entered. E. Minerals & Chems. Co. v. Mahan, 225 F.3d 330, 340 (3d Cir. 2000). Rule 16(b)(4) states that a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). In this case, the original joint case management plan set January 1, 2009, as the deadline for amending the pleadings. (See Doc. No. 15 ¶ 2.) Defendant states that he is seeking to amend due to confusion over whether the "same decision" defense is an affirmative one that must be pled in an answer. See Fed. R. Civ. P. 8(c) ("In responding to a pleading, a party must affirmatively state any avoidance or affirmative defense . . . ."). Because this decision to clarify the answer will avoid future argument over whether the defense was properly before the Court. Defendant has shown good cause for amending his answer.

Under Rule 15, leave to amend a pleading is freely given "when justice so requires." Fed. R. Civ. P. 15(a). "[P]rejudice to the non-moving party is the touchstone for the denial of an amendment." Lorenz v. CSX Corp., 1 F.3d 1406, 1414 (3d Cir. 1993) (citation and internal quotation marks omitted). "In the absence of substantial or undue prejudice, denial instead must be based on bad faith or dilatory motives, truly undue or unexplained delay . . . or futility of amendment." Id. (citation omitted). Here, Plaintiff makes no showing of prejudice, but instead asserts that Defendant's decision to file its motion to amend over one year after the deadline for filing amendments and only one month before this case is scheduled to go to trial amounts to undue delay. "Delay becomes 'undue,' and thereby creates grounds for the district court to refuse leave, when it places an unwarranted burden on the court" or when the movant failed to utilize previous opportunities to amend. See Bjorgung v. Whitetail Resort, LP, 550 F.3d 263, 266 (3d Cir. 2008). In this case, Defendant sought to amend based on a separate action that is

currently pending before the Third Circuit Court of Appeals. (See Doc. No. 70 at 3.) Therefore, Defendant has put forward a valid explanation for the timing of his amendment, demonstrating that it is not made out of bad faith or dilatory motive.

Plaintiff also asserts that Defendant's motion to amend is futile because the "same decision" defense does not apply to a First Amendment claim of retaliation based on political affiliation. (Doc. No. 67 at 9.) However, case law clearly supports Defendant's contention that the "same decision" defense is applicable here. See, e.g., Robertson v. Fiore, 62 F.3d 596, 599 (3d Cir. 1995) ("If the employee demonstrates these elements, the employer may avoid a finding of liability by demonstrating by a preponderance of the evidence that it would have made the same decision even in the absence of the protected affiliation."). As a result, the amendment is not futile.

Therefore, the Court finds that Defendant's motion for leave to amend its answer and affirmative defenses should be granted. **ACCORDINGLY**, on this 23rd day of September 2010, it is **HEREBY ORDERED THAT** Defendant's motion for leave to amend, (Doc. No. 60), is **GRANTED**.

S/ Yvette Kane
Yvette Kane, Chief Judge
United States District Court
Middle District of Pennsylvania
