IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **HEATHER DELHAGEN,**<br>    Plaintiff | :<br>: |
| | : Civil Action No. 3:08-cv-00285 |
| **v.** | :<br>: (Chief Judge Kane) |
| **KEN MCDOWELL, in his Official and**<br>**Individual Capacity,**<br>    Defendant | :<br>:<br>: |

## ORDER

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

On October 18, 2010, Defendant filed a motion to compel discovery seeking (1) Plaintiff's 2009 federal income tax returns; (2) Plaintiff's state and local income tax returns for 2003 through 2009; and (3) documentation which supports Plaintiff's claim for attorneys fees and costs. (Doc. No. 79.) By order of this Court, the motion was referred to Magistrate Judge Blewitt for resolution. (Doc. No. 84.) On November 30, 2010, Judge Blewitt filed his memorandum and order, which granted Defendant's motion in part and denied it in part. (Doc. No. 86.) Specifically, Judge Blewitt granted Defendant's request that Plaintiff be compelled to produce her complete federal, state, and local income tax returns from 2005 through 2009, but denied Defendant's request that Plaintiff provide a statement setting forth the amount of her attorneys fees and costs. (Id. at 11.)

On December 14, 2010, Plaintiff filed objections to Judge Blewitt's order. (Doc. No. 90.) Plaintiff includes the following objections:

> 1. Plaintiff objects to the Order since it did not address Plaintiff's arguments that Defendants filed the same in bad faith since trial would have occurred if not postponed and Defendants never addressed the issue of concern on any prior

1

>       occasion.
>
> 2. Plaintiff objects to the Order since Defendants did not concur in good faith for the resolution of said dispute before coming to the Court.
>
> 3. Plaintiff objects to the Order since it compels Plaintiff to turn over her confidential tax return for 2009; however, she already turned over her 2009 W4, which satisfies any disclosure requirements.

(Doc. No. 90 at 1-2.)

Federal Rule of Civil Procedure 72(a) governs objections to decisions made by magistrate judges on nondispositive matters. Specifically, it states:

> When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision. A party may serve and file objections to the order within 14 days after being served with a copy. . . . The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.

Fed. R. Civ. P. 72(a). Therefore, because Plaintiff filed objections to Magistrate Judge Blewitt's order, the Court will apply the "clearly erroneous or contrary to law" standard. See Haines v. Liggett Grp. Inc., 975 F.2d 81, 92 (3d Cir. 1992). "A decision is clearly erroneous if the reviewing court is left with the definite and firm conviction based on all the evidence that the [lower] court made a mistake." United States v. Perez, 280 F.3d 318, 351 (3d Cir. 2002).

After reviewing Plaintiff's objections, the Court finds that Magistrate Judge Blewitt's decision was not clearly erroneous or contrary to law. First, Plaintiff's evidence that the motion was brought to "harass Plaintiff and her counsel" hinges largely on her argument that the issue was not brought up previously and that "[i]f the trial had occurred as ordered on September 27,

2

2010, this matter would have been resolved before Defendant[] would have raised this issue." (Doc. No. 91 at 3.) The Court finds Plaintiff's arguments unconvincing. Merely because a motion was not previously raised does not mean that it is now raised for purposes of harassment. Likewise, the argument that the motion would not have been raised if trial had occurred in September 2010 is pure speculation and provides no indicia of bad faith. The Court cannot find that Judge Blewitt's judgment on that matter is clearly erroneous.

Second, Judge Blewitt did not commit clear error when he declined to find that Defendant did not seek a good faith resolution of the matter before seeking court intervention. Plaintiff cites the Third Circuit Court of Appeals' decision in <u>Naviant Marketing Solutions, Inc. v. Larry Tucker, Inc.</u>, 339 F.3d 180 (3d Cir. 2003), as support for her position that Defendant acted in bad faith. However, the conduct by defense counsel in this case is markedly different than the conduct in <u>Naviant</u>, where the plaintiff's counsel took a "belligerent and uncompromising approach to the discovery process." <u>Naviant</u>, 339 F.3d at 182. Here, as noted by Judge Blewitt, Defendant sought the federal, state, and local income tax returns from 2003 through the present as early as May 2009, and he continued to ask for supplemental responses thereafter.[1] (<u>See</u> Doc. No. 86 at 2.) On October 17, 2010, Defendant gave one-day notice to Plaintiff that he would file a motion to compel for the income tax return evidence which had not yet been produced – and which he had requested at least twice before. (<u>See</u> <u>id.</u>; Doc. No. 91 at 4.) Judge Blewitt's conclusion that the motion was not made in bad faith is not clearly

---

[1] Plaintiff's claim that "Defendant[] never asked for Plaintiffs [sic] 2009 tax return," (<u>see</u> Doc. No. 91 at 7), is belied by the record. To the contrary, in Defendant's first request for production of documents, Defendant requested from Plaintiff "[a]ll of your federal, state[,] and local income tax returns from 2003 through the present." (<u>See</u> Doc. No. 79, Ex. A. at 9.)

erroneous.

Third, Magistrate Judge Blewitt did not commit clear error by ordering Plaintiff to turn over her complete 2009 tax returns. In his order, Judge Blewitt recognized that "[w]hether tax returns are discoverable turns on whether (1) the tax returns are relevant to the subject matter of the action; and (2) there is a compelling need for the returns because the information contained therein is not otherwise readily obtainable." (Doc. No. 86 at 6 (quoting Jackson v. Unisys, Inc., No. 08-3298, 2010 WL 10018, at *2 (E.D. Pa. Jan. 4, 2010)).) Judge Blewitt noted that Defendant demonstrated a compelling need for the tax returns because "those tax returns [Plaintiff] has disclosed reveal that as [much] as a third of her income derives from sources other than salary, income which may serve to mitigate her alleged damages at trial." (Id. at 6-7 (quoting Doc. No. 83).) Accordingly, Judge Blewitt found that those tax returns sought by Defendant are relevant and "there is a compelling need for the tax returns since the information on them is not readily obtainable from other sources." (Id. at 7.) The Court is unconvinced by Plaintiff's arguments that Defendant did not meet his burden to compel or that Magistrate Judge Blewitt erred by relying on Defendant's representations as to the need for the tax returns. See also Fed. R. Civ. P. 26(b)(1) ("For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."). Therefore, the Court finds no clear error in Judge Blewitt's determination on this issue.

**AND NOW**, on this 16th day of December 2010, in consideration of the foregoing analysis, it is **HEREBY ORDERED THAT** Plaintiff's objections (Doc. No. 90) to Judge

Blewitt's November 30, 2010 memorandum and order (Doc. No. 86) are **DENIED**.

S/ Yvette Kane
Yvette Kane, Chief Judge
United States District Court
Middle District of Pennsylvania
