IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HEATHER DELHAGEN, | : | CIVIL ACTION - LAW |
| | : | |
| Plaintiff, | : | |
| | : | CHIEF JUDGE YVETTE KANE |
| v. | : | |
| | : | |
| KEN McDOWELL, in his individual and official capacity, | : | |
| | : | |
| Defendant. | : | NO. 3:08-CV-285 |

## DEFENDANT'S BRIEF IN SUPPORT OF HIS MOTION TO QUASH THE SUBPOENA TO ATTEND AND TESTIFY ISSUED UPON STEVEN BARCOSKI BY PLAINTIFF

Defendant Ken McDowell ("Mr. McDowell"), by and through his undersigned counsel, respectfully submits this brief in support of his motion to quash (the "Motion").

I. **FACTUAL AND PROCEDURAL BACKGROUND**

On June 19, 2011, Plaintiff Heather Delhagen ("Plaintiff") subpoenaed Lackawanna County's (the "County") Director of Revenue and Finance, Steven Barcoski ("Mr. Barcoski"), to attend and testify at the trial to be conducted in this matter. See Motion at ¶ 1. Mr. Barcoski has no relevant information relating

to this matter. See Motion at ¶¶ 2. Moreover, Mr. Barcoski is not one of the witnesses listed in Plaintiff's pretrial memorandum. See Motion at ¶ 3.[1]

## II. LAW AND ARGUMENT

A federal court has the authority to quash a subpoena that seeks material which is clearly irrelevant. Gateway Eng'rs, Inc. v. Edward T. Sitarik Contr., Inc., No. 09-mc-209, 2009 U.S. Dist. LEXIS 94351, **7-8 (W.D. Pa. 2009) citing 9A Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure: Civil 2d § 2459, at 42 (1995). Nothing in the evidentiary record of this matter indicates that Mr. Barcoski has anything other than irrelevant information to offer at trial. He has no first hand

---

[1] While not dispositive for purposes of this motion, Plaintiff's cover letter to Mr. Barcoski indicates that "if you, for some reason, are not called to testify, please destroy the check." See Exhibit "A". Such direction is contrary to Rule 45(b)(1) of the Federal Rules of Civil Procedure which require payment of a witness fee for attending irrespective of whether or not a witness is actually called to testify. Fed.R.Civ.P. 45(b)(1). Accordingly, Plaintiff must be directed to correct this statement for all witnesses she has subpoenaed.

2

information relating to this matter, he doesn't and didn't work for the Controller's office and there is no reason to believe he knows anything of Ms. Delhagen's action in any capacity. <u>See</u> Motion at ¶ 2. Accordingly, he cannot be permitted to testify. <u>See</u> <u>Gateway Eng'rs</u>, 2009 U.S. Dist. LEXIS 94351 at \*\*7-8.

Additionally, pursuant to Local Rule 16.6, each party is required to submit a list of those witnesses they will be presenting at trial as part of their pretrial memorandum. <u>See</u> LR 16.6. Plaintiff's pretrial memorandum makes no reference to Mr. Barcoski. <u>See</u> Doc. 50, p. 2. Accordingly, Plaintiff cannot now put forward Mr. Barcoski to offer testimony as he is previously undisclosed and permitting him to appear would unfairly prejudice the Defendant. <u>See</u> Fed.R.Civ.P. 26; <u>see also</u> LR 16.6

## III. CONCLUSION

For any or all of the foregoing reasons, Plaintiff's subpoena to attend and testify directed to Steven Barcoski must be quashed.

Respectfully submitted,

/s/Joel M. Wolff
John G. Dean
Joel M. Wolff
Shanna W. Williamson
**ELLIOTT GREENLEAF & DEAN**
201 Penn Avenue, Suite 202
Scranton, Pennsylvania  18503
(570) 346-7569

Attorneys for Defendant
Ken McDowell

DATED: July 6, 2011

## **CERTIFICATE OF SERVICE**

I, JOEL M. WOLFF, hereby verify that I have caused to be served this day a true and correct copy of Defendant Ken McDowell's brief in support of his motion to quash on all counsel of record <u>via</u> electronic case filing and United States First Class Mail addressed as follows:

> Cynthia L. Pollick, Esq.
> 363 Laurel Street
> Pittston, PA  18640
>
> Jonathan S. Comitz
> Comitz Law Firm, LLC
> 121 S. Memorial Highway
> Shavertown, PA 18708

> s/Joel M. Wolff
> Joel M. Wolff

DATED: July 6, 2011